Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Tauler Smith, LLP
626 Wilshire Boulevard, Suite 510
Los Angeles, California 90017
Tel: (310) 590-3927

Attorneys for Plaintiff Tauler Smith, LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAULER SMITH, LLP, a California limited liability partnership, | Case No. Case 2:20-cv-00458 |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| JOSEPH W. VALERIO, an individual; CTRLR, LLC, a California limited liability company; MARK POE, an individual; POE GAW, LLC, a California Limited Liability Partnership; | Date:      February 28, 2020<br>Time:      10:00 a.m.<br>Courtroom: 7B<br>Judge:     Hon. Andre Birotte Jr. |
| Defendants. | |

OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................ 2

I. INTRODUCTION ........................................................................ 4

II. ARGUMENT ............................................................................. 4

A. Legal Standard ........................................................................ 4

B. The FAC States a Claim for Violations of the Computer Fraud and Abuse Act Against the CTRLR Defendants ................................................... 5

C. The FAC States a Claim for Fraud Against the CTRLR Defendants ...................... 6

D. The FAC States a Claim for Intentional Interference with Contractual Relations Against the CTRLR Defendants ....................................................... 8

E. The FAC States a Claim for Breach of Fiduciary Duty Against the CTRLR Defendants ................................................................................ 9

F. The FAC States a Claim for RICO Against the CTRLR Defendants .................... 10

a. The FAC Properly Alleges Racketeering Activity ............................... 11

b. The FAC Properly Alleges a "Pattern" of Racketeering Activity ................... 12

c. The FAC Properly Alleges a Cognizable RICO Injury ................................... 13

III. CONCLUSION ........................................................................ 14

OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

# TABLE OF AUTHORITIES

<u>Cases</u>

*Barbara A. v. John G.*, 145 Cal. App. 3d 369, 382 (1983) .............................................. 10

*Block v. Tobin* (1975) 45 Cal.App.3d 214, 220 ........................................................... 8

*Cinedigm Corp. v. Gaiam Inc.*, 2015 WL 2084590, *5 (C.D. Cal. 2015) ......................... 4

*City Solutions, Inc. v. Clear Channel Communications, Inc.*, N.D. Cal. 2003, 242
  F.Supp.2d 720 ................................................................................................... 8

*Estate of Baker*, 131 Cal.App.3d 471, 480 (1982) ........................................................ 10

*Executive Photo, Inc. v. Norrell* (S.D.N.Y. 1991) 756 F.Supp. 798, 802 ....................... 11

*Freeport Transit, Inc. v. McNulty* (D. Me. 2003) 239 F.Supp.2d 102, 111 .................... 11

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, Inc., 896 F.2d 1542, 1550
  (9th Cir. 1989) .................................................................................................... 4

*In re Bieter Co.*, 16 F.3d 929, 935 (8th Cir.1994) ................................................... 9, 12

*In re Cover's Estate*, 188 Cal. 133, 143 (1922) ......................................................... 10

*In re Estate of Sanders*, 40 Cal. 3d 607, 615 (1985) .................................................. 10

*In re Outlaw Laboratory, LP Litigation* (S.D. Cal., Aug. 19, 2019,
  No. 3:18-CV-1882-GPC-BGS) 2019 WL 3889559, at *7 .................................... 13, 14

*Kimberlite Corp. v. Does 1–20*, No. 08–cv–2147–TEH, 2008 WL 2264485,
  at *2, (N.D.Cal. June 2, 2008) ............................................................................. 6

*Olenicoff v. UBS AG* (C.D. Cal., Feb. 2, 2012, No. SACV081029AGRNBX)
  2012 WL 13015005, at *1 .................................................................................... 9

*People v. Lucas*, 67 Cal. App. 452, 227 P. 709 (3d Dist. 1924) ..................................... 7

*Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. at 291 (N.D. Cal. 2002) ........ 4, 5

*Roberts v. Ball, Hunt, Hart, Brown and Baerwitz* (App. 2 Dist. 1976)
  57 Cal. App. 3d 104 ............................................................................................. 8

*Rylewicz v. Beaton Servs., Ltd.*, 698 F. Supp. 1391, 1396 (N.D. Ill. 1988) ................... 14

*Shapiro v. Sutherland* (1998) 64 Cal. App. 4th 1534, 1548.) ......................................... 7

OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 237–238 ............. 9

*United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462

   (8th Cir. 2000) ............................................................................................. 4

*United States v. Graf*, 610 F.3d 1148, 1159 (9th Cir. 2010) ................................ 9

<u>Other Authorities</u>

18A Cal. Jur. 3d Criminal Law: Crimes Against Property § 393 ..................... 7

Civ.Code, ss 1709, 3333 ................................................................................ 8

Witkin, § 1368 Judgment on the Pleadings—Practice Under Rule 12(c),

   5C Fed. Prac. & Proc. Civ. § 1368 (3d ed.) .................................................. 5

OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Tauler Smith, LLP ("Plaintiff") responds to Defendants Joseph W. Valerio and CTRLR, LLC's (the "CTRLR Defendants") Motion for Judgment on the Pleadings (the "MJOP").

## I.    INTRODUCTION.

Plaintiff will not address the scurrilous arguments raised by counsel that do not in any way address the pleadings head on.  Accordingly, the following shall only address the legal points advanced by the MJOP as they relate to each claim asserted against the CTRLR Defendants.[1]

## II.    ARGUMENT.

### A.    Legal Standard.

Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *United States v. Any & All Radio Station Transmission Equip*., 207 F.3d 458, 462 (8th Cir. 2000), see also, *Qwest Commc'ns Corp. v. City of Berkeley, 208 F.R.D. 288, 291 (N.D. Cal. 2002)*. ("Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law." (quoting *Hal Roach Studios, Inc. v. Richard Feiner & Co*., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989)). *Cinedigm Corp. v. Gaiam Inc*., 2015 WL 2084590, *5 (C.D. Cal. 2015) ("Thus, as with a motion to dismiss pursuant to Rule 12(b), for the purposes of adjudicating a [Rule] 12(c) motion, the factual allegations of the non-moving party are accepted as true, and all inferences reasonably drawn from those facts must be construed in favor of the non-moving party.").

---

[1] Although the moving papers discuss the role of counsel for the CTRLR Defendants in the alleged wrongdoing at great length, the Motion itself is only brought on behalf of the CTRLR Defendants, according to the pre-motion conference of counsel, notice of motion, and proposed order.  Accordingly, this Opposition shall only address the claims made against the CTRLR Defendants.

4

In making this determination, extrinsic factual material may not be taken into account, but materials properly attached to a complaint as exhibits, or items subject to judicial notice, may be considered without turning the motion into one for summary judgment. *Qwest*, 208 F.R.D. at 291.

Federal courts have followed a fairly restrictive standard in ruling on motions for judgment on the pleadings. Witkin, § 1368 Judgment on the Pleadings—Practice Under Rule 12(c), 5C Fed. Prac. & Proc. Civ. § 1368 (3d ed.) "Although the motion may be helpful in disposing of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further, thereby easing crowded trial dockets in the federal district courts, hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense." *Id.* The importance of this policy has made federal judges unwilling to grant a motion under Rule 12(c) unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. *Id.*

B.    **The FAC States a Claim for Violations of the Computer Fraud and Abuse Act ("CFAA") Against the CTRLR Defendants.**

The MJOP asserts that the FAC does not allege Defendants' violation of the CFAA with sufficient specificity under FRCP 9(b).  To the contrary, the FAC alleges that the CTRLR Defendants logged onto Plaintiff's payroll service without authorization after he terminated his relationship with Plaintiff, and attempted to cancel Plaintiff's payroll service on February 12, 2019, and successfully cancelled to Plaintiff's payroll service on February 28, 2019. (FAC, ¶¶ 25, 26, 41.)  Plaintiff was forced to pay its employees with handwritten paper checks instead of the required wage statements as a direct result of CTRLR Defendants' malicious conduct.  Additionally, Plaintiff suffered damages in the form of costs and expenditures to remedy CTRLR Defendants' conduct including payments to hire new accountants and bookkeepers, and purchase new QuickBooks to rectify the gap in payment. Additionally, damages include the hours of work expended by

Plaintiff's managing partner and Plaintiff's staff, who are paid hourly, to investigate and rectify CTRLR Defendants' data breach. (FAC, ¶¶ 3, 19.) All of these components are compensable damages under the CFAA. *Kimberlite Corp. v. Does 1–20*, No. 08–cv–2147–TEH, 2008 WL 2264485, at *2, (N.D.Cal. June 2, 2008) ("The cost of investigating unauthorized access and securing a computer network constitutes losses…").

"Loss" as well as "damage" is subject to the $5,000 threshold. *See In re DoubleClick Inc. Privacy Litigation,*154 F.Supp.2d 497 (S.D.N.Y.2001). "Damage" under the CFAA includes "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). "Loss" under the CFAA includes "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11).

Consequently, the FAC properly alleges that Plaintiff was subjected to damages in the form of monetary penalties and fines in excess of $5,000 for late payment of employee wages, failure to comply with California employee wage statements, and failure to timely pay employee taxes and payroll taxes. The first claim against the CTRLR Defendants properly states a claim for violations of the Computer Fraud and Abuse Act.

### C.  The FAC States a Claim for Fraud Against the CTRLR Defendants.

The MJOP misconstrues the Complaint's claim for fraud by selecting two examples of the CTRLR Defendants' conduct and arguing that Plaintiff cannot demonstrate reliance or damages.

As a threshold matter, Plaintiff relied on the CTRLR Defendants' representations that they were terminating their relationship with Plaintiff in February 2019.  As such,

Plaintiff reasonably assumed that the CTRLR Defendants' would not take action to inhibit Plaintiff's ability to pay its employees.  However, the CTRLR Defendants, despite representing in a resignation letter that they no longer do any work with Plaintiff, deleted Plaintiff's payroll accounts without providing notice or obtaining consent. Plaintiff relied on the CTRLR Defendants' promise that all services would cease, and had Plaintiff known that this was false, additional steps would have been taken to guarantee that the CTRLR Defendants could not unilaterally cancel Plaintiff's payroll accounts and damage its business operations.

Separately, the CTRLR Defendants' acts of forgery, detailed in the FAC as they relate to the "Fraudulent Contract" sent to a collections agency, led to detrimental reliance.  The CTRLR Defendants submitted the forged Fraudulent Contract to a collection agency, and had reason to expect that the forgery would be used against Plaintiff as a means to influence Plaintiff's conduct. Thus, although the Fraudulent Contract was not directly communicated to Plaintiff by the CTRLR Defendants themselves, the CTRLR Defendants are still liable to Plaintiff for their fraudulent conduct.  See, *Shapiro v. Sutherland* (1998) 64 Cal. App. 4th 1534, 1548.); "18A Cal. Jur. 3d Criminal Law: Crimes Against Property § 393, citing *People v. Lucas*, 67 Cal. App. 452, 227 P. 709 (3d Dist. 1924)("Fraud is the essence of all the acts that constitute the crime of forgery.").

As a result of the forgery, Plaintiff had to expend money by paying its staff to provide the collection agency with materials to prove that the Fraudulent Contract was a forgery, and to respond to numerous communications from the collection agency, including phone calls, mailings, and emails. (FAC, ¶¶ 23, 64.)  As a result of the CTRLR Defendants' deletion of Plaintiff's payroll accounts after terminating their relationship with Plaintiff, Plaintiff suffered tax repurcussions and fines.  As a result of CTRLR Defendants absconding with Plaintiff's accounting, billing, and bookkeeping materials, Plaintiff was forced to pay new accountants and bookkeepers to forensically reconstruct

the materials stolen.  Plaintiff had to pay additional fees to its payroll service to reinstate its account, and was required to compensate its staff and managing partner to investigate and rectify the CTRLR Defendants' misconduct. (FAC, ¶¶ 3, 19.) Plainly, Plaintiff has alleged monetary damages as a result of CTRLR Defendants' fraud.  *Block v. Tobin* (1975) 45 Cal.App.3d 214, 220, citing Civ.Code, ss 1709, 3333 ("one may recover compensation for time and effort expended in reliance on a defendant's misrepresentation.")

Plaintiff's damages are not limited to compensatory damages, however, as Plaintiff is entitled for its attorney's fees in bringing the present action against Valerio for the fraudulent invoice created by CTRLR and in bringing this action against CTRLR for the Fraudulent Contract created by Valerio. *Roberts v. Ball, Hunt, Hart, Brown and Baerwitz* (App. 2 Dist. 1976) 57 Cal. App. 3d 104 (A "[p]erson who through tort of another has been required to act in protection of his interests by bringing or defending an action against third person is entitled to recover compensation for reasonably necessary loss of time, attorney fees and other expenditures thereby suffered or incurred.").

Plaintiff is also entitled to lost profits it can demonstrate occurred as a result of CTRLR Defendants' fraudulent conduct. *City Solutions, Inc. v. Clear Channel Communications, Inc.*, N.D. Cal. 2003, 242 F.Supp.2d 720, affirmed in part, reversed in part 365 F.3d 835. Time and labor expended on handling the CTRLR Defendants' fraudulent conduct could have been spent billing clients to work on cases, which provides hourly income to the firm.

In sum, there is no shortage of items of damage Plaintiff is entitled to for the CTRLR Defendants' fraud.  The MJOP as to this cause of action should be denied.

### D.   The FAC States a Claim for Intentional Interference with Contractual Relations Against the CTRLR Defendants.

The elements of intentional interference with contractual relations are: (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's

knowledge of this contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damages. *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 237–238.

As applied to this case, the FAC properly states that (1) there was a contract between Plaintiff and a third party, in this case Plaintiff's employment agreements with its employees; (2) the CTRLR Defendants knew of these contracts; (3) the CTRLR Defendants' conduct of cancelling Plaintiff's payroll services made performance of Tauler Smith's contractual obligations to its employees (i.e, payment of wages) more expensive or difficult; (4) the CTRLR Defendants intended to disrupt the performance of Plaintiff's contracts or knew that disruption of performance was certain or substantially certain to occur when it cancelled Plaintiff's payroll services to its employees; (5) Plaintiff was harmed when it was forced to expend money, time and resources remediating the cancelled payroll services; and (6) the CTRLR Defendants' conduct was a substantial factor in causing Plaintiff harm because CRTLR Defendants cancelled the payroll services. Thus, all elements of this tort are properly pled.

**E.     The FAC States a Claim for Breach of Fiduciary Duty Against the CTRLR Defendants.**

A third party accountant and bookkeeper are fiduciaries of law firms, and communications between law firms and their bookkeepers and accountants are subject to the attorney-client privilege. *In re Bieter Co.*, 16 F.3d 929, 937 (8th Cir. 1994) (communications between attorney and outside accountant considered privileged when related to lawyers provision of legal services); *United States v. Graf*, 610 F.3d 1148, 1159 (9th Cir. 2010) (adopting the principles of *Bieter* in the Ninth Circuit); *Olenicoff v. UBS AG* (C.D. Cal., Feb. 2, 2012, No. SACV081029AGRNBX) 2012 WL 13015005, at *1 (independent contractor a functional employee subject to attorney-client privilege).

Even if no fiduciary duty existed, CTRLR and Valerio still have a confidential relationship with Plaintiff.  A confidential relationship arises wherever trust and confidence is reposed by one person in the integrity and fidelity of another and may exist although there is no fiduciary relationship. *In re Cover's Estate*, 188 Cal. 133, 143 (1922); *In re Estate of Sanders*, 40 Cal. 3d 607, 615 (1985); Estate of Baker, 131 Cal.App.3d 471, 480 (1982); *Barbara A. v. John G.*, 145 Cal. App. 3d 369, 382 (1983).

Confidential and fiduciary relations are, in law, synonymous. *Id.* Because of the confidential nature of the relationship, a party to a transaction has gained the confidence of the other and claims to act or advise with the other's interest in mind. *Id.* In the context of a confidential relationship, the beneficiary of the relationship is entitled to rely on the assumption that the other person is acting in her best interest. *Id.* Ordinarily, there is no duty to investigate the truthfulness of a representation by person in a confidential relationship.

Here, the CTRLR Defendants were in a position of confidence such that Plaintiff was entitled to rely on the assumption that they would not abscond with law firm property (i.e., accounts receivable, invoices, and passwords); cancel Plaintiff's payroll service with the sole intent to harm Plaintiff; provide fraudulent forged contracts and invoices to third parties for collection; and eventually provide privileged and/or confidential information, including stolen property, to lawyers that are opposed to Plaintiff in an unrelated civil dispute.

Accordingly, the FAC properly states a claim for breach of fiduciary duty against the CTRLR Defendants.

**F.  The FAC States a Claim for RICO Against the CTRLR Defendants.**

The MJOP refers to Gaw Poe LLP and Mark Poe's liability throughout its challenge to Plaintiff's RICO claim, however the MJOP is only being brought on behalf of the CTRLR Defendants.  As such, this brief shall only discuss those challenges to the RICO claim as they relate to the CTRLR Defendants.

### a. The FAC Properly Alleges Racketeering Activity.

This section of the MJOP refers almost exclusively to Gaw Poe and Mark Poe's liability (as opposed to their clients, CTRLR Defendants); only refers to the "receipt of stolen property" predicate act (ignoring the wire fraud allegations); and cites no case law whatsoever to support its argument.  All of the arguments presented lack merit.

In fact, racketeering is alleged numerously in the Complaint, including that the CTRLR Defendants stole Plaintiff's proprietary and confidential materials; created fraudulent invoices with one entity, then used the stolen materials as leverage for payment of a fraudulent invoice through another entity; committed forgery to advance their scheme through a national collections agency; filed a lawsuit under a different name and with a different claim to take advantage of the judicial system as part of their scheme; and continue to engage in extortion (FAC, ¶¶ 59-68, 70-71, 75-80.) Contrary to the MJOP, direct participation in the transport of stolen property across state lines is not required for Plaintiff's RICO claim to proceed.  *Freeport Transit, Inc. v. McNulty* (D. Me. 2003) 239 F.Supp.2d 102, 111 ("allegations of wire fraud alone implicate interstate commerce" sufficient to support RICO claim.).

Moreover, 28 USC § 2315 (stolen property), provides for criminal liability when stolen goods "have crossed a State or United States boundary after being stolen," which has been pled clearly.  Specifically, the FAC properly alleges the transport of the stolen goods across state lines, including sending the Stolen Property to a collection agency licensed in Minnesota and based in North Carolina "using the wires of the United States" to advance CTRLR Defendants' scheme to extort and defraud (FAC, ¶¶ 21, 64 & FAC, Exhibit B.)  These allegations are sufficient to survive a challenge to the pleadings.  *Executive Photo, Inc. v. Norrell* (S.D.N.Y. 1991) 756 F.Supp. 798, 802 ("Plaintiff's allegations in the complaint that defendant engaged in 'acts of receipt and sale of stolen goods and the transmittal of the same in interstate commerce, knowing the goods to have

been stolen, such goods having had a value of $5,000 or more,'" deemed sufficient to state a claim under RICO.).

### b. The FAC Properly Alleges a "Pattern" of Racketeering Activity.

The FAC alleges ongoing, and indeed *escalated* predicate acts by the CTRLR Defendants spanning over a year, starting with the theft of confidential and privileged materials belonging to Plaintiff law firm (defined in the FAC as "the Stolen Materials") and an invoice with false billing entries (defined in the FAC as the "Fraudulent Invoice") in February of 2019 (FAC, ¶ 18); illicit disruption of Plaintiff's electronic payroll service through fraudulent means in February of 2019 (FAC, ¶ 19); creation of a forged, fraudulent contract and its delivery to a national collection agency in May of 2019 (FAC, ¶ 20); the filing of a fraudulent small claims lawsuit that contradicts the Fraudulent Contract in June of 2019 and a subsequent re-filing in September of 2019 (FAC, ¶¶ 23, 65-66); and the hiring of an attorney (Mark Poe) who is an adversary to Plaintiff in a separate legal matter.  All of this was done with CTRLR Defendants' knowledge that Poe would necessarily come into possession of confidential, privileged,[2] sensitive, and propriety information. All of the above acts were designed to advance the CTRLR Defendants' scheme to steal, extort, and otherwise defraud Plaintiff (FAC, ¶¶ 69, 71.)[3]

The MJOP frames these crimes as "historical matters," however, the illegal activity of the enterprise is specifically described in the FAC as "continuing to this day," since

[2] The provision of privileged materials to opposing counsel by itself is a RICO violation, even when the provision of privileged materials is made by a former independent contractor. *In re Bieter Co.*, 16 F.3d 929, 935 (8th Cir.1994)(applying federal common law of attorney-client privilege to a civil RICO action and finding that privilege extends to independent contractors).

[3] Although not relevant to the Court's denial of the present MJOP made on behalf of the CTRLR Defendants, Gaw Poe LLP's representation of the CTRLR Defendants in December of 2019 (done in exchange for Stolen Materials that contain confidential information that can be used against Plaintiff in an unrelated lawsuit Gaw Poe is prosecuting against Plaintiff) and Gaw Poe's removal of Plaintiff's limited jurisdiction case to federal court in January of 2020, is a naked attempt to increase the above stated leverage and advance the scheme to defraud. (MJOP, 20:3-8.)

OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

"the Stolen Materials are now being used as leverage in multiple civil disputes." (FAC, ¶¶ 69, 71.)  A continuing pattern of illicit activity is not only evident by a reading of the plain language of the FAC, it is patently clear by the continued possession of the Stolen Property by the CTRLR Defendants; their provision of the Stolen Property to opposing counsel in ongoing litigation for the purposes of leverage and extortion; and the ongoing pendency of the small claims case which is based on fraudulent conduct described in the FAC.

Contrary to the MJOP, the CTRLR Defendants' continuing scheme to defraud is an established pattern, which is explained in great detail in the SAC, including dates and specific occurrences.  The pattern demonstrates not only continuing racketeering activity, but with escalating criminal behavior to meet its objectives.  A pattern of racketeering activity has been adequately pled.

### c.  The FAC Properly Alleges a Cognizable RICO Injury.

The MJOP again cherry-picks language of the FAC to support its argument that Plaintiff, who has been subject to myriad forms of illegal activity detailed in the FAC, has not pled a cognizable injury because there is no causal link between the targeted misconduct against Plaintiff and the damage Plaintiff claims.

At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Mendoza v. Zirkle Fruit Co.* (9th Cir. 2002) 301 F.3d 1163, 1168 citing *NOW v. Scheidler*, 510 U.S. 249, 256, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

Accordingly, cases have set a low threshold for RICO injury and causation at the pleading stage.  *Hunter Consulting, Inc. v. Beas* (C.D. Cal., Sept. 30, 2013, No. SACV1201947JGBJPRX) 2013 WL 12131581, at *6 (theft of materials from former employee sufficient to allege RICO proximate cause and injury); *In re Outlaw*

*Laboratory, LP Litigation* (S.D. Cal., Aug. 19, 2019, No. 3:18-CV-1882-GPC-BGS) 2019 WL 3889559, at *7 (Liquor store owners temporary removal of sex pills from stores as a result of demand letter "articulates a loss of business profits" to support RICO claim); see also, *Rylewicz v. Beaton Servs., Ltd.*, 698 F. Supp. 1391, 1396 (N.D. Ill. 1988) (investigative costs were "incidental damages" to support a RICO claim).  Indeed, some courts have even opined that emotional stress alone is sufficient to support a claim of injury and proximate cause under RICO. *In re Outlaw Laboratory, LP Litigation* (S.D. Cal., Aug. 19, 2019, No. 3:18-CV-1882-GPC-BGS) 2019 WL 3889559, at *8 (allegation that Liquor store owner "felt powerless" after receiving a demand letter sufficient to support injury under RICO.).

The allegations in the FAC go far beyond this threshold, alleging exactly how the CTRLR Defendants acted with malice for the sole purpose of causing harm to Plaintiff. (See, e.g. FAC, ¶¶ 5, 63, 77, 78.)

Thus, the FAC clearly alleges multiple ways CTRLR Defendants have injured Plaintiff under RICO.

## III.   CONCLUSION.

For the foregoing reasons, CTRLR Defendants' MJOP should be denied in its entirety.[4]

DATED: February 7, 2020                    TAULER SMITH LLP


By:   _____
        Robert Tauler
        Attorneys for Plaintiff
        Tauler Smith, LLP

---

[4] Plaintiff requests leave to amend should the Court disagree.

14

### **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2020, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing.

/s/ Robert Tauler

Attorneys for Plaintiff
Tauler Smith, LLP

OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS